## Anthony H. Newell, Plff. in Err., *v.* Charles Richardson.

An affidavit of defense which is a broad, indefinite statement, not of facts but of the results of facts which cannot be proved in the terms in which they are alleged—as, a general statement of fraud or overcharges in the sale of meat for a period of years—is insufficient.

(Decided January 3, 1887.)

October Term, 1886, No. 82, W. D. Error to the Common Pleas No. 1 of Allegheny County to review a judgment for plaintiff for want of a sufficient affidavit of defense in an action to recover for goods sold and delivered. Affirmed.

This action was brought by Charles Richardson, against Anthony H. Newell, to recover $363.23, the amount of a bill for meat sold and delivered to defendant between August 4 and August 17, 1885. The plaintiff filed an affidavit of claim, together with a bill of particulars taken from his books of original entry. Defendant filed an affidavit of defense in which he did not deny the purchase of the goods nor that the weight or price of the same was correct, but alleged that for six years past he had been dealing with the plaintiff, and that he believed and expected to be able to prove on the trial of the case that during said time the weight of large quantites of meats, charged and paid for, was greatly in excess of the weight of meats actually delivered to him, and that the amount of money so paid by defendant to plaintiff for meat in excess of the quantity actually delivered exceeds the claim of defendant by a large amount.

The plaintiff took a rule on defendant to show cause why judgment should not be entered against him for want of a sufficient affidavit of defense, assigning as reasons that the defendant did not deny the purchase and receipt of goods set forth in plaintiff's bill of particulars; did not deny that the price was a fair market value of the same, nor allege that there was any deficiency in the weight thereof; that the affidavit does not set forth the time or amounts of the excess weight claimed, nor that such excess actually existed; that the said affidavit is vague, indefinite, and uncertain, and does not deny any of the allegations of plaintiff's affidavit of claim.

The defendant then filed a supplemental affidavit of defense in which he claimed an excess of weight in one item in plaintiff's bill of particulars; and further that defendant "has reason to believe and expects to be able to prove on the trial of this case that for the last five years the said plaintiff has charged him every week an average sum of $25 for meat which was alleged to be delivered to defendant by the plaintiff, and which was paid for by defendant, but which in fact never was delivered to defendant by the plaintiff; that the average sum of money paid by the defendant to the plaintiff in the manner aforesaid, as defendant verily believes and expects to be able to prove, will amount to a large sum of money, in the neighborhood of $6,500, far exceeding the amount of plaintiff's claim in this case, and that he has therefore a full and complete set-off and defense to the present claim of the plaintiff."

At the suggestion of the plaintiff, the court below, upon the argument, allowed defendant's claim of the excess in weight of one item as alleged in his supplemental affidavit of defense, and made the rule for judgment absolute for the balance of plaintiff's claim.

The assignments of error specified the action of the court in entering judgment for want of a sufficient affidavit of defense, and in making absolute and not discharging the rule to show cause.

*Wm. Reardon,* for plaintiff in error.—If the facts set forth in the affidavit and the supplemental affidavit of defense in this case be true, they constitute a good cause of defense against a judgment for want of a sufficient affidavit of defense. Bronson v. Silverman, 77 Pa. 94; Twitchell v. McMurtie, 77 Pa. 383; Moeck v. Littell, 82 Pa. 354.

*J. G. MacConnell,* for defendant in error.—Cited. Peck v. Jones, 70 Pa. 83.

Opinion by Mr. Justice Green:

The defendant, in his affidavit of defense, after describing one instance particularly in which he had been charged with a greater weight of meat than he had bought, and giving the difference in figures between the corrected charge and the actual quantity bought, made a more general averment of a similar character of frauds in his account.

He says in terms that he has reason to believe and expects to be able to prove that during a period of five years the plaintiff had overcharged him, for meat purchased, an average sum of $25 per week for meat sold and alleged to be delivered, but which never was delivered. He further says that the amount thus overpaid by him for meat charged but never received by him, as he verily believes and expects to be able to prove, was in the neighborhood of $6,500, which far exceeded the whole amount of the plaintiff's bill.

It is manifest that this general averment of results could only be proved by giving in evidence particular instances of over-charge. But if it is possible to prove such instances, it is nec-essary to the sufficiency of the affidavit that they should be averred. The fact that they are not alleged gives rise to a con-viction that they are not alleged because they cannot be proved. Of course it would not be necessary to set out all the details of each instance, nor the evidence by which they would be proved. But here there is nothing of the kind, nothing but a broad, in-definite, uncertain statement, not of facts but of the results of facts which could not possibly be proved in the terms in which they are alleged. Such an affidavit we do not regard as suffi-ciently specific.

Judgment affirmed.